## BERTRAND vs. BYRD.

In a count against the acceptor of a bill, which is accepted " payable in a settlement between himself and the plaintiff," if there is no averment that there had been a settlement, the count is bad.

A count on a contract with the defendant alone, may be joined, in assumpsit, with a count for goods sold to him and others jointly, and work and labor done for him and others jointly.

THIS was an action of assumpsit, by Bertrand against Byrd, determined in Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. The first count charged Byrd as acceptor of a bill, drawn on him by William Marlow, and accepted, payable " in a settlement between himself and Bertrand," without alleging that there had been any settlement. The second was a good count on a note; the third a good *indebitatus* count;

Bertrand *vs.* Byrd.

the fourth a count for goods sold, work and labor done, moneys-advanced, &c., to and for Byrd and two other persons; and the fifth an account stated with Byrd. A joint and several demurrer to the declaration and each count, was sustained. The plaintiff asked leave to strike out his first count, which was refused, and he declined amending. Judgment went against him, and he sued his writ of error.

*Fowler*, for the plaintiff.

*Trapnall* and *Pike*, contra.

*By the Court*, DICKINSON, J.

The first count charges the defendant upon a bill of exchange. The acceptance was conditional; the defendant's liability depended upon a settlement between himself and the plaintiff; and as that settlement is never averred to have taken place, of course his liability has not accrued. The demurrer was, therefore, properly sustained as to this count. The second count charges the defendant's indebtedness upon a promissory note, and is every way formal and valid. The third is an indebitatus count, and equally as good. And the fourth is also an indebitatus count, charging, among other things, that the defendant and two other persons, (who are not sued in the action), were indebted for " goods and merchandize sold and delivered," " money paid, laid out, and expended," &c. We can discover no objection to this count. The defendant was jointly and severally liable for the purchase and delivery of the goods, with the other two persons not sued; and his liability, in that capacity cannot be deemed a misjoinder of actions with the other counts. By the purchase of the goods, if separately answerable to the plaintiff, we can see no sufficient reason why this responsibility may not be coupled with other distinct charges against him. The demurrer was, therefore, improperly sustained as to each of these counts.

Judgment reversed.